UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|         Plaintiff : | |
| : | |
| v. : | File No. 1:09-CR-00064-jgm-5, 12 |
| : | |
| GRAYTZ MORRISON and : | |
| LARRY LAMAR JOHNSON, : | |
|         Defendants : | |
| _____ : | |

RULING ON MOTION TO PRODUCE AND TO JOIN
(Docs. 332 and 342)

Defendant Graytz Morrison has filed a pretrial discovery motion requesting the Court order the government to produce exculpatory evidence, Doc. 332, and defendant Lamar Larry Johnson has filed a motion to join Morrison's motion, Doc. 342. The government opposes both motions. Doc. 400. Defendant Johnson's motion to join is granted and, for the reasons set forth below, the motion to produce exculpatory evidence is denied.

The motion to produce evidence seeks information regarding confidential informants. Specifically, the details of payments to, use or possession of drugs by, any cooperation agreement or promises of leniency to, and a criminal record check for a confidential informant identified as Sean Snaith, and the name and address of a second confidential source who has not been identified. Doc. 332 at 3-5. The first request regarding Snaith is easily resolved because each category of information is Giglio[1] material and covered by Local Rule 16(d). The request concerns general impeachment

---

[1] United States v. Giglio, 405 U.S. 150 (1972).

1

information affecting credibility.  This information must be disclosed in time for effective use at trial and, accordingly, the Local Rules require disclosure of it not less than fourteen days prior to jury selection.  D. Vt. L.R. 16(d)(2).  The Court finds defendants have not demonstrated good cause for departing from the general rule.

The second request, for the name and address of a confidential source who has not been identified, is not as easily resolved.  Morrison argues the requested information is Brady[2] material, and under the local rules is required to be disclosed within fourteen days of arraignment.  Doc. 332 at 5.  The government contends the identity of the confidential informant is not exculpatory and therefore is not required to be disclosed under Brady.  Doc. 400 at 5.

Under Brady, the government has a constitutional duty to disclose evidence favorable to an accused when it is material to guilt or punishment.  Brady, 373 U.S. at 87.  "Brady does not, however, require the prosecution to disclose all exculpatory and impeachment material; it need disclose only material 'that, if suppressed, would deprive the defendant of a fair trial.'"  United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001) (quoting United States v. Bagley, 473 U.S. 667, 675 (1985)).

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court discussed the "informer's privilege" -- that is, the "[g]overnment's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law," id. at 59 -- and its limits -- holding "[w]here the disclosure of an informer's identity . . . is relevant and helpful to the

---

[2]   Brady v. Maryland, 373 U.S. 83 (1963).

2

defense of an accused, or is essential to the fair determination of a cause, the privilege must give way." Id. at 60-61. As a general matter, a "defendant bears the burden of showing the need for a disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).

Here, the government asserts the confidential source's failure to include defendant Morrison among the listed "main players" does not exculpate Morrison,[3] and the confidential source also stated defendant Brooker, a co-defendant, often spent time on Harrison Avenue in West Rutland with a black male. Prior to his arrest, defendant Morrison, a black male, lived on Harrison Avenue. Doc. 400 at 5.

Further, defendant Morrison has failed to bear his burden that the identity of the confidential source would be material to his defense, i.e., would deprive him of his right to a fair trial. The confidential source is not alleged to have been a participant in or witness to Morrison's purported criminal activities. The conclusory argument that early disclosure of the identity of the confidential source is necessary to prepare for trial, i.e., provide for "the effective use and investigation of [the source] as a defense witness," Doc. 332 at 5, is not sufficient to require the "extraordinary remedy" of disclosure of a confidential informant's identity. See United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y. 1996). The request to order disclosure of the confidential source's identity to defendant Morrison is denied.

---

[3] Further, under Brady, the government has no duty to disclose its witness list prior to trial in a noncapital case. Cf. 18 U.S.C. § 3432 (requiring such a list be disclosed to a person charged with a capital offense).

Defendant Johnson has likewise failed to bear his burden that the identity of the confidential source would be material to his defense. Johnson provided no more convincing information or sufficient arguments to require disclosure of the confidential source's identity. See Doc. 342 at 3; Fields, 113 F.3d at 324 ("Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden . . ."). The request to order disclosure of the confidential source's identity to defendant Johnson is denied.

The Court expects the government to comply with its obligations under Brady and Giglio. Accordingly, the Court finds no basis to conduct an in camera review of the confidential source's interview statement.

Defendant Johnson's motion to join, Doc. 342, is GRANTED, and the motion to produce exculpatory evidence, Doc. 332, is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of August, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge